STATE OF VERMONT

| SUPERIOR COURT Vermont Unit | ENVIRONMENTAL DIVISION |
|---|---|
| Hinesburg Hannaford CU Approval; | Docket No. 129-9-12 Vtec |
| Hinesburg Hannaford SP Approval; | Docket No. 163-11-12 Vtec |
| Hinesburg Hannaford Subdivision Revision; | Docket No. 68-5-14 Vtec |
| Aubuchon (FH Plaza) SP Revision Application; | Docket No. 69-5-14 Vtec |
| Automotion SP Revision Application; | Docket No. 70-5-14 Vtec |
| Hinesburg Hannaford Wetland Determination; | Docket No. 73-5-14 Vtec |
| Hinesburg Hannaford Act 250 Permit; | Docket No. 113-8-14 Vtec |
| Hinesburg Hannaford Water Quality Certification | Docket No. 114-8-14 Vtec |

**Decision on Motion to Reconsider Denial of Motion for Entry of Judgment Because Necessary Co-Applicant is Lacking**

The matter before the Court relates to a proposed 36,000 square foot Hannaford grocery store and pharmacy with associated parking on Lot 15 of the Commerce Park subdivision (the Project) in the Town of Hinesburg, Vermont (Town). Martin's Foods of South Burlington, LLC (Applicant) is the project developer. This development proposal requires multiple state and local use permits and decisions. There are eight coordinated appeals pending before the Court involving five municipal decisions, two decisions of the Agency of Natural Resources related to wetlands and water quality, and a State Act 250 land-use permit.

This decision addresses a motion to reconsider filed by a group of interested persons: Catherine Goldsmith; James Goldsmith; Jean Kiedaisch; John Kiedaisch; Chuck Reiss; Sally Reiss; Lindsay Hay; Brian Bock; Natacha Liuzzi; Mary Beth Bowman; Wendelin Patterson; Bethany Ladimer; Kate Schubart; Michael Sorce; Dark Star Properties, LLC; and Responsible Growth Hinesburg, an association of Hinesburg residents (collectively, Appellants). Appellants ask this Court to reconsider our denial of their motion for entry of judgment or remand, originally filed on June 17, 2015 and denied by this Court on September 16, 2015.

In their June 17th motion, Appellants argued that Applicant's Act 250 State land-use and municipal permit applications must be dismissed because the Town is a necessary co-applicant, and it did not sign the applications or appear as a co-applicant. The Town owns the land on which Commerce Street lies. As part of its stormwater mitigation measures related to the pending Act 250 and municipal permit applications, Applicant may replace stormwater piping under Commerce Street and use the pipe to direct excess stormwater from Lot 15 under Commerce Street to its eventual discharge point at Patrick Brook. In their June 17th motion, Appellants argued that this proposal renders the Commerce Street land "involved land," making the Town, as its owner, a necessary co-applicant.

In our September 16, 2015 decision denying the motion, the Court was under the impression that the Town owned a right-of-way over Commerce Street, but did not own Commerce Street in fee simple. We explained in that decision that Applicant does not need a property interest in Commerce Street for the proposed stormwater piping, but rather a permit from the Town pursuant to 19 V.S.A. § 1111(c). Applicant has not yet applied for a Section 1111 permit, and that permit is not before the Court. We thus denied Appellants' motion, holding that the Town does not own involved land and need not be a co-applicant, and that any future permit Applicant may need from the Town is beyond the scope of these appeals.

Appellants point out in their motion to reconsider that Commerce Street is in fact owned by the Town in fee simple. Appellants claim our decision was based on this factual error, and therefore ask this Court to reconsider our September 16, 2015 decision. Appellants repeat the arguments from their June 17th motion and argue that, pursuant to Act 250 Rule 10(A) and Section 4.1.5 of the Hinesburg Zoning Regulations, because the proposed Commerce Street

stormwater piping is a necessary component of Applicant's permit applications and because the Town is the owner of Commerce Street, the Town is an owner of involved land and therefore a necessary co-applicant.

The fact that the Town owns the Commerce Street land in fee does not change our analysis. Thus, the Court denies Appellants' motion for the following three reasons. First, Appellants appear to conflate the current permits now under consideration with those permits Applicant may need to obtain in the future. Second, the Town does not own "involved land" under Act 250 Rule 10(A). Lastly, Section 4.1.5 of the Zoning Regulations does not require the Town to be a co-applicant, as Applicant is the owner of the property pertaining to the permits currently under appeal.

Turning first to scope of the issues before the Court, we emphasize that the stormwater piping Applicant may run under Commerce Street is not subject to the eight permits now under consideration. If Applicant wishes to place a culvert or piping under a Town road, Applicant will need a Section 1111(c) permit. Such a permit has not yet been sought and Applicant was under no obligation to seek the Section 1111 permit before applying for its site-plan and Act 250 approval. As we explained in our March 4, 2015 Decision on Multiple Pre-Trial Motions, if approved, the Court may ultimately make adequate stormwater management and drainage for the site a condition of Applicant's site-plan or Act 250 State land-use permits. Such measures could require additional permits. As this Court has repeatedly recognized, however, Applicant is not required to apply for all permits at one time and in one proceeding, and a decision on Applicant's current permit applications is not advisory merely because additional permits may be needed. See In re Conlon CU Permit, No. 2-1-12 Vtec, slip. op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.) (holding that Act 250 does not dictate the timeline for seeking municipal permits); see also 10 V.S.A. § 6082 ("The permit required under section 6081 of this title shall not supersede or replace the requirements for a permit of any other state agency or municipal government."). While Applicant's ability to secure a Section 1111(c) permit could be determinative of whether the project is ultimately completed, the Court is capable of reviewing the Act 250 application as a distinct aspect of the entire proposal.

Second, Appellants' argument that the Town owns involved land and thus must be a co-applicant misconstrues the Rule 10(A) co-applicant requirement. Such a broad reading of "involved land" in Rule 10(A) would disrupt common and settled land-use practice in Vermont and, as a practical matter, require municipalities to be a co-applicant on nearly all Act 250 permit applications within their borders.

Rule 10(A) provides, in relevant part:

> An application shall be signed by the applicant and any co-applicant . . . . The record owner(s) of the tract(s) of involved land shall be the applicant(s) or co-applicant(s) unless good cause is shown to support waiver of this requirement . . . . . The Application shall list the name or names of all persons who have substantial property interest . . . in the tract or tracts of involved land by reason of ownership or control and shall describe the extent of their interests. The district commission may . . . find that the property interest of any such person is of such significance, therefore demonstrating a lack of effective control by the applicant, that the application cannot be accepted or the review cannot be completed without their participation as co-applicants.

The phrase "involved land" in the Act 250 Rules is meant to encompass the land giving rise to Act 250 jurisdiction, not to require that every Act 250 permit application include as signatories every owner of property that is related to or may be impacted by the development.[1] See In re Eastview at Middlebury, Inc., 2009 VT 98, ¶ 13, 187 Vt. 208 (noting that the concept of involved land is meant to address whether Act 250 jurisdiction is triggered, not to determine the scope of area covered by a permit). The fact that some off-site mitigation measures may involve other parcels does not transform those otherwise-unrelated parcels into "involved land." See Re: Dr. Anthony Lapinsky and Dr. Colleen Smith, No.5L1018-4/5L0426-9-EB, Findings of Fact,

---

[1] Act 250 Rule 2(C) defines "Involved land" as:

> "The entire tract or tracts of land, within a radius of five miles, upon which the construction of improvements for commercial or industrial purposes will occur, and any other tract, within a radius of five miles, to be used as part of the project or where there is a relationship to the tract or tracts upon which the construction of improvements will occur such that there is a demonstrable likelihood that the impact on the values sought to be protected by Act 250 will be substantially affected by reason of that relationship. In the event that a commercial or industrial project is to be completed in stages according to a plan, or is part of a larger undertaking, all land involved in the entire project shall be included for the purpose of determining jurisdiction."

Conclusions of Law, and Order, at 10 (Vt. Envtl. Bd. Oct. 3, 2003) ("[Rule 10] does not require that all persons having any property or contractual interest in, or relationship to, a proposed project must be parties to the permit application.").[2] The purpose of the co-applicant requirement of Rule 10(A) is not to require that every potentially impacted landowner sign the permit application, but rather "to ensure that any permit conditions imposed . . . will be enforceable." Re: Maple Tree Place, No. 4C0775-EB, Mem. of Decision, at 13 (Vt. Envtl. Bd. March 25, 1998).[3] Rule 10(A) also seeks to "ensure that the owners of lands involved in subdivision or development have consented to the activity under review, and . . . that persons with a substantial interest in the involved lands have an opportunity to participate in the permit proceedings." Id.; see also Re: Mark and Pauline Kisiel and Thomas and Cheryl Kaminski, No. 5W1151-1-EB, Mem. of Decision, at 4 (Vt. Envtl. Bd. Feb. 3, 2005) (holding same;[4] but see Re:

---

[2] Appellants claim there is no de minimus exception to the co-applicant requirement, citing Re: Roger Loomis d/b/a Green Mountain Archery Range and Richard Sheldon, No. 1R0426-2-EB, Mem. of Decision, at 28 (Vt. Envtl. Bd. Dec. 18, 1997), and thus assert that regardless of involvement, the Town must be a co-applicant. Loomis is not instructive for the present case. There, the applicant's project site was entirely located on another landowner's parcel. The Board held that, although minimal, the construction activities were sufficient to trigger Act 250 jurisdiction, and therefore the landowner must be a co-applicant. Id. This Court agrees that where an applicant's construction activities will occur entirely on a parcel owned by another, the landowner must be a co-applicant. That is not the case here. There is no question that the proposed construction triggers Act 250, but the construction relevant for the current permit applications will occur land owned or controlled by Applicant. Various subsequent measures may occur off site, yet those are not part of the current permits. Instead, those measures, if necessary, may be the subject of a separate permit and review process.

[3] Appellants offer Flanders Building Supply, Inc., 4CO634-EB, Mem. of Decision, at 5 n.3 (Vt. Envtl. Bd. Oct. 18, 1985) as authority that the Town is a required co-applicant. Appellants misread Flanders. Contrary to Appellants' claim, Flanders does not hold that all owners of land where aspects of the development may take place must be co-applicants. Rather, Flanders holds that the enforceability of a permit condition must not depend upon the ability of the permit holder to secure the consent of another land holder. Id at 5. As discussed in this decision, the enforceability of any Act 250 permit condition does not hinge on Applicant's ability to get consent from the Town. Appellants also cite Re: Pilgrim Partnership, No. 5W0894-1-EB, Mem. of Decision, at 4–6 (Vt. Envtl. Bd. Oct. 4, 1988) for the proposition that an application must be dismissed if any construction is planned to occur on the non-applicant's land. Appellants' reading of Pilgrim is overbroad and the case is distinguishable. Pilgrim involved two private landowners where applicant's project relied on access to his neighbors land. Id. at 5. The Board found the neighboring landowner a necessary co-applicant because there was no way to enforce the permit condition without the neighbor's involvement. Id. at 5. Here, any Act 250 permit conditions are entirely enforceable without the Town's participation as a co-applicant. Further, in Pilgrim there was no subsequent review process, thus there was no way to ensure the neighbor's interests were protected if he was not a co-applicant. Id. at 4–5. Here, however, any future activity on municipal land is subject to a distinct and enforceable permit process.

[4] Appellants cite Kisiel for the proposition that that an application must be dismissed if any construction is planned to occur on the non-applicant's land. Again, that interpretation is overbroad and the facts of that case are significantly distinct. Kisiel involved a private party's application to place a septic system on land owned entirely by a neighbor and the Board agreed with the neighbor's claim that he was a necessary co-applicant. Kisiel, No.

5

<u>Central Vermont Public Service Corporation</u>, No. 7C0734-EB, Mem. of Decision, at 3 (Vt. Envtl. Bd. Aug. 6, 1991) (holding that owner of land where Applicant sought to run 5,179 ft. of electric distribution line did not need to be a co-applicant because Applicant had received a prior easement across the owner's property where the line would be located).

Here, the proposed construction will occur on land owned or controlled by Applicant, and any Act 250 permit conditions will be wholly enforceable against Applicant without the Town's participation in the current matter as a co-applicant. See <u>Re: Dr. Anthony Lapinsky and Dr. Colleen Smith</u>, No.5L1018-4/5L0426-9-EB, at 11. While Applicant may need subsequent approval from the Town  for stormwater piping under Commerce Street, that reality does not impact the enforceability of any Act 250 permit conditions and would require a separate application and review. This process fully satisfies the two primary concerns of the co-applicant requirement: ensuring the enforceability of Act 250 permits and protecting the property interests of surrounding landowners. The co-applicant requirement in Rule 10(A) simply is not meant to capture the kind of off-site impacts that are already amply protected by other permitting processes. The Court therefore concludes that the Town's Commerce Street land is not "involved land" under Rule 10(A), and that the Town is not a necessary co-applicant for the Act 250 permit.

Finally, turning to Appellants' argument that Section 4.1.5 of the Zoning Regulations requires the Town be a co-applicant, we find this argument also fails. Section 4.1.5 states, in relevant part:

> Application for a Zoning Permit shall be made by the owner, lessee, or any person having a contractual interest in the property, or agent of the foregoing, to the Zoning Administrator on forms provided for that purpose. All permit applications shall be signed by the landowner(s), and the Applicant (if different).

(Hinesburg Zoning Regulations, § 4.1.5, Nov. 5, 2013). The Town does not own property subject to the current permit applications. It is true that the Town does own land where

---

5W1151-1-EB, Mem. of Decision, at 5 (Vt. Envtl. Bd. Feb. 3, 2005). Here, the project involves the construction of a grocery store on Applicant's Lot 15.  Applicant has offered to replace a pipe under a Town road as one potential component of off-site stormwater mitigation. Thus, the construction of the project will not occur on land owned by a non-applicant.  Also importantly, the Town is not seeking to be made a co-applicant.

Applicant may install stormwater infrastructure. That land, however, is not currently the subject of a permit now before the Court, and the Town retains the authority to review an application to place pipes or culverts under Commerce Street when and if Applicant submits that permit application. Therefore, the Town need not be a co-applicant under Section 4.1.5.

## Conclusion

For the foregoing reasons, as well as those discussed in the Court's previous decisions in this matter, the Court hereby **DENIES** Appellants' Motion to Reconsider Denial of Motion for Entry of Judgment Because Necessary Co-Applicant is Lacking.

Electronically signed on October 27, 2015 at 03:02 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

7